DAVID P. MASTAGNI (SBN 57721)
PHILLIP R.A. MASTAGNI (SBN 238254)
GRANT A. WINTER (SBN 266329)
**MASTAGNI HOLSTEDT**
*A Professional Corporation*
1912 "I" Street
Sacramento, California 95811
Telephone: (916) 446-4692
Facsimile: (916) 447-4614
Attorneys for Plaintiff MICHAEL SEARS

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL SEARS,<br><br>   Plaintiff,<br><br>  v.<br><br>COUNTY OF BUTTE;<br>BUTTE COUNTY SHERIFF'S OFFICE;<br>ANDY DUCH;<br>JOHN KUHN; and,<br>DOES 1 through 100 inclusive,<br><br>   Defendants. | Case No.<br><br>**COMPLAINT FOR DAMAGES**<br>**(1) Discrimination (42 U.S.C. §2000 *et seq.*)**<br>**(2) Harassment (42 U.S.C. §2000 *et seq.*)**<br>**(3) Retaliation (42 U.S.C. §2000 *et seq.*)**<br>**(4) Failure to Prevent (42 U.S.C. §2000 *et seq.*)**<br>**(5) Discrimination (42 U.S.C. §1981)**<br>**(6) Discrimination (Gov't Code §12940 *et seq.*)**<br>**(7) Harassment (Gov't Code §12940 *et seq.*)**<br>**(8) Retaliation (Gov't Code §12940 *et seq.*)**<br>**(9) Failure to Prevent (Gov't Code §12940 *et seq.*)**<br><br>*JURY TRIAL DEMANDED* |

## **JURISDICTION**

1. Plaintiff Michael Sears hereby asserts federal claims arising under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, and 42 U.S.C. § 1981. This Court has jurisdiction over this matter pursuant to 42 U.S.C. § 2000e-5(f)(3), and 28 U.S.C. §§ 1331 and 1343(a)(3). This Court also has supplemental jurisdiction over the state law claims alleged herein as conferred by 28 U.S.C. §1367.

## **VENUE**

2. Venue is proper pursuant to 28 U.S.C §1391 and 42 U.S.C. § 2000e-5(f)(3) because the events giving rise to this complaint occurred in this judicial district.

## PARTIES

3. Plaintiff Michael Sears is an individual and at all times mentioned herein was a resident of California. At all time alleged herein, Mr. Sears was employed by Defendants County of Butte and/or Butte County Sherriff's Office. Mr. Sears is a member of the African-American Race.

4. Defendant County of Butte (hereafter the "County") is, and at all times mentioned herein was, a county of the State of California.

5. Defendant Butte County Sheriff's Office (hereafter the "Sheriff's Office") is, and at all times mentioned herein was, a local government agency responsible for providing law enforcement for the County.

6. Defendant Andy Duch is an individual and at all times mentioned herein was a supervisory employee of the County and the Sheriff's Office. At all relevant times alleged herein, Andy Duch had supervisory authority over Plaintiff's day-to-day job duties.

7. Defendant John Kuhn is an individual and at all times mentioned herein was a supervisory employee of the County and the Sheriff's Office. At all relevant times alleged herein, John Kuhn had supervisory authority over Plaintiff's day-to-day job duties.

8. Mr. Sears is ignorant of the true names and capacities of the defendants sued herein under the fictitious names Doe 1 through Doe 100. Mr. Sears is informed and believes and therefore alleges that the defendants named herein as DOE 1 through DOE 100, are responsible in some manner for the events and happenings complained of herein, and proximately caused Mr. Sears' damages and injuries. Mr. Sears intends to amend his complaint to include the true names and capacities of defendants sued herein as DOE 1 through DOE 100, when more information is ascertained.

9. Whenever in this complaint any reference is made to "Defendant" or "Defendants," such reference shall be deemed to refer to all defendants, whether specifically named or whether identified as a "Doe."

10. Mr. Sears is informed and believes that at all times relevant herein, Defendants were the agents, representatives, servants and/or employees of every other Defendant, who was a principal,

master, and/or employer of each other Defendant, and every Defendant was acting within the course and scope of said agency, authority, and/or employment.

11. Whenever in this complaint reference is made to any act or omission of any Defendant and/or their agent(s), representative(s), servant(s) and/or employee(s), whether specifically named or designated as a Doe, such allegations shall be deemed to mean the act or omission of each Defendant, acting individually, jointly, in concert, and severally, and in furtherance of joint activity while actively engaged in the management, direction, control and/or employ of the affairs of Defendants, and that each Defendant did or authorize or ratify such acts or omissions while actively engaging in the management, direction, control and/or employ of the affairs of said Defendants, and each of them, and were acting within the course and scope of their employment, authority and agency.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

12. All conditions precedent to the filing of the claims alleged in this complaint have occurred.

13. On July 18, 2014, Plaintiff timely filed a complaint with California's Department of Fair Employment and Housing (hereafter "DFEH") against all Defendants complaining of harassment, discrimination, and retaliation because of Plaintiff's race and because Plaintiff engaged in activity protected under California's Fair Employment and Housing Act (hereafter "FEHA"). In response to Plaintiff's July 18, 2014 complaint, DFEH issued a "Right to Sue letter" dated July 18, 2014.

14. On August 12, 2014, Plaintiff timely filed a complaint with Equal Employment Opportunity Commission (hereafter "EEOC") against all Defendants complaining of harassment, discrimination, and retaliation because of Plaintiff's race and because Plaintiff engaged in activity protected under Title VII of the federal Civil Rights Act of 1964. On December 22, 2014, Plaintiff received two "Right to Sue" letters from the U.S. Department of Justice Civil Rights Division giving Plaintiff notice of his right to sue all Defendants named herein.

## FACTS APPLICABLE TO ALL CAUSES OF ACTION

15. In or around June 2007, Mr. Sears began working for the County and/or the Sheriff's Office as a Deputy Sheriff. He is still employed by those Defendants as a Deputy Sheriff.

16. At all relevant times alleged herein, the County and/or the Sheriff's Office regularly employed more than 15 employees.

17. Beginning in 2007 and continuing through the present, all Defendants undertook a continuing series of similar and related discriminatory, harassing, and/or retaliatory actions against Mr. Sears. These discriminatory, harassing, and/or retaliatory actions were undertaken against Mr. Sears because of his race, and/or Defendants' perception of Plaintiff's race, and/or because Mr. Sears complained of and opposed unlawful actions that were taken against him because of his race.

18. This series of discriminatory, harassing, and/or retaliatory actions, and each individual discriminatory, harassing, and/or retaliatory act violated Plaintiff's rights under law, including but not limited to Mr. Sears' rights under FEHA, California Government Code § 12940 *et seq.*, and Title VII of the federal Civil Rights Act of 1964, 42 U.S.C. §2000 et seq., and 42 U.S.C. §1981, and the United States Constitution as enforceable through an action under 42 U.S.C. §1983. This conduct constituted adverse and/or tangible employment actions, unreasonably interfered with Plaintiff's work performance, was severe and pervasive, and/or created a hostile and offensive working environment.

19. This continuing series of similar and related discriminatory, harassing, and/or retaliatory actions against Plaintiff includes, but is not limited to, the following conduct:

(a) Between 2007 and the present, including within 300 days of the time of the filing of Mr. Sears' complaint to the EEOC, employees of the County and/or the Sheriff's Office have repeatedly used derogatory hateful speech in reference to African-American people at work, including repeated use of the word "Nigger," and including use of such speech in the presence of Mr. Sears. Defendants had actual and/or constructive knowledge of the use of such speech by Defendants' employees and Defendants failed to take all reasonable steps to prevent this conduct from occurring and failed to take immediate and appropriate corrective action.

Further, all Defendants aided and abetted in this harassing and retaliatory conduct by offering encouragement and/or assistance.

(b) Between 2007 and the present, including within 300 days of the time of the filing of Mr. Sears' complaint to the EEOC, he has been repeatedly denied requested overtime assignments because of his race, and as retaliation against Plaintiff for reporting discriminatory, harassing, and/or retaliatory conduct. Plaintiff was qualified for the requested overtime assignments. The overtime assignments were filled by similarly situated persons who were not African-American. Defendants had actual and/or constructive knowledge of this conduct and Defendants failed to take all reasonable steps to prevent this conduct from occurring and failed to take immediate and appropriate corrective action. Further, all Defendants aided and abetted in this harassing and retaliatory conduct by offering encouragement and/or assistance.

(c) Between 2007 and the present, including within 300 days of the time of the filing of Mr. Sears' complaint to the EEOC, he has been repeatedly denied promotional opportunities because of his race and as retaliation against Plaintiff for reporting other discriminatory, harassing, and/or retaliatory conduct. Mr. Sears was qualified for, and applied for the promotional opportunities, but the promotions were given to similarly situated, and/or less qualified, persons who were not African-American. Defendants had actual and/or constructive knowledge of this conduct and Defendants failed to take all reasonable steps to prevent this conduct from occurring and failed to take immediate and appropriate corrective action. Further, all Defendants aided and abetted in this harassing and retaliatory conduct by offering encouragement and/or assistance.

(d) In approximately 2010, someone – who is not Mr. Sears and whose identity is not known to Mr. Sears – hung a stuffed panda bear doll by the neck from a rope attached to the ceiling in the Sheriff's Office facility where Plaintiff was assigned to work. The doll was shaped like a panda bear with a black and white body. The doll was hung in a main room in the facility and was clearly visible and obvious to anyone in the room. When Plaintiff entered the room where the doll had been hung and saw the doll hanging for the first time, he asked the other

people in the room "what is that?" Deputy Christopher Denz responded, stating something substantially to the effect of "that is you," meaning Mr. Sears. Deputy Denz further asserted that the hanging doll symbolized Mr. Sears because Mr. Sears is half-Black and half-White. Mr. Sears reported this conduct, including the hanging doll and Deputy Denz's comments, to management level officers of the Butte County Sheriff's Department, including Defendant Andy Duch. But no action was taken to correct it or even remove the doll for more than three years, until approximately spring of 2014. The doll remained hanging until approximately March or April of 2014. Further, all Defendants aided and abetted in this harassing and retaliatory conduct by offering encouragement and/or assistance.

(e) In approximately 2010, someone – who is not Mr. Sears and whose identity is not known to Mr. Sears – hung up a poster showing "mug shots" – *i.e.* arrest booking photographs – of various celebrities on the wall in the Sheriff's Office facility where Plaintiff was assigned to work. The poster included mug shots of James Brown and Jessie Jackson, two African-American celebrities. Someone used pen or a marker and wrote Plaintiff's badge number on the poster next to mug shots of James Brown and Jessie Jackson. Plaintiff reported this conduct to management level officers of the Butte County Sheriff's Department, including Defendant Andy Duch, but no action was taken to remove the poster and it remained hanging for several years. Further, all Defendants aided and abetted in this harassing and retaliatory conduct by offering encouragement and/or assistance.

(f) In approximately 2011, all Defendants harassed, and/or discriminated against, and/or retaliated against Plaintiff by assigning him to drive the oldest, smallest, and most damaged car in the Sheriff's fleet. This car was too small for Plaintiff to use comfortably, and was in a state of disrepair. Every non-African-American Sheriff's deputy was assigned a newer, larger, better car to use for their work activities. This disparate treatment was taken against Plaintiff because of his race, and/or as retaliation against Plaintiff for reporting other discriminatory, harassing, and/or retaliatory conduct. Defendants had actual and/or constructive knowledge of this conduct and Defendants failed to take all reasonable steps to

prevent this conduct from occurring and failed to take immediate and appropriate corrective action.  Further, all Defendants aided and abetted in this harassing and retaliatory conduct by offering encouragement and/or assistance.

(g) Between 2012 and the present, including within 300 days of the time of the filing of Mr. Sears' complaint to the EEOC, Plaintiff has been repeatedly denied the opportunity to transfer to other Butte County Sheriff's Office stations because of his race and/or as retaliation against Plaintiff for reporting other discriminatory, harassing, and/or retaliatory conduct.  Plaintiff was stationed at the Oroville office.  He was qualified for and applied for transfers to other stations.  Transfers were given to similarly situated, and/or less qualified persons who were not African-American.  Defendants had actual and/or constructive knowledge of this conduct and Defendants failed to take all reasonable steps to prevent this conduct from occurring and failed to take immediate and appropriate corrective action.  Further, all Defendants aided and abetted in this harassing and retaliatory conduct by offering encouragement and/or assistance.

(h) In approximately 2012, Mr. Sears was discriminatorily denied a promotional opportunity to take a position in Alternative Custody Supervision program.  Plaintiff was qualified for the position.  Defendant Andy Duch was responsible for interviewing candidates for the position.  Plaintiff applied for the position and was granted an interview.  During the interview, while Plaintiff was speaking, Defendant Andy Duch stood up and left the interview without saying a word and never came back to finish the interview.  The promotion was given to a similarly situated, and/or less qualified non-African-American.  Plaintiff was denied this promotion because of his race, and/or as retaliation against Plaintiff for reporting other discriminatory, harassing, and/or retaliatory conduct. Defendants had actual and/or constructive knowledge of this conduct and Defendants failed to take all reasonable steps to prevent this conduct from occurring and failed to take immediate and appropriate corrective action.  Further, all Defendants aided and abetted in this harassing and retaliatory conduct by offering encouragement and/or assistance.

(i) In approximately 2013, a sergeant in the Sheriff's Office gave Mr. Sears a written

commendation for exceptional work performance. In contravention of their own policies and/or customary procedures, all Defendants deliberately caused this commendation to not be put into Plaintiff's personnel file. Upon learning that the written commendation was being withheld from his personnel file, Plaintiff brought the matter to the attention of his labor union. Only after insistence by the labor union was the commendation put into his Mr. Sears' personnel file. This discriminatory, harassing, and/or retaliatory conduct was undertaken because of Plaintiff's race. Defendants had actual and/or constructive knowledge of this conduct and Defendants failed to take all reasonable steps to prevent this conduct from occurring and failed to take immediate and appropriate corrective action. Further, all Defendants aided and abetted in this harassing and retaliatory conduct by offering encouragement and/or assistance.

(j) In approximately 2013, an African-American citizen visited the Sheriff's Office to report a traffic offense. Defendant John Kuhn stated, in Plaintiff's presence, "Let Mike talk to him, Mike claims to be Black." By this comment, Defendant John Kuhn deliberately implied that Plaintiff should be responsible for handling the citizen's report solely because Plaintiff and the citizen were both African-American. Defendants had actual and/or constructive knowledge of this conduct and Defendants failed to take all reasonable steps to prevent this conduct from occurring and failed to take immediate and appropriate corrective action. Further, all Defendants aided and abetted in this harassing and retaliatory conduct by offering encouragement and/or assistance.

(k) In approximately April 2013, a Deputy Sheriff displayed a swastika as the screen saver on his computer screen in a Sheriff's Office facility. Defendant Andy Duch had actual knowledge of this incident. Defendants had actual and/or constructive knowledge of this conduct and Defendants failed to take all reasonable steps to prevent this conduct from occurring and failed to take immediate and appropriate corrective action. Further, all Defendants aided and abetted in this harassing and retaliatory conduct by offering encouragement and/or assistance.

(l) In approximately 2013, Defendant John Kuhn approached a Sheriff's Deputy and asked him

whether he believed that Mr. Sears is Black. On other occasions, including within 300 days of when Mr. Sears filed his complaint with the EEOC, Defendant John Kuhn made harassing remarks to Mr. Sears accusing him of lying about being African-American. Defendants had actual and/or constructive knowledge of this conduct and Defendants failed to take all reasonable steps to prevent this conduct from occurring and failed to take immediate and appropriate corrective action. Further, all Defendants aided and abetted in this harassing and retaliatory conduct by offering encouragement and/or assistance.

(m) In approximately April 2014, Mr. Sears showed Defendant John Kuhn a photograph of Mr. Sears' son. Upon seeing the photograph, Defendant John Kuhn asked Mr. Sears "how Black does he claim to be?" Defendants had actual and/or constructive knowledge of this conduct and Defendants failed to take all reasonable steps to prevent this conduct from occurring and failed to take immediate and appropriate corrective action. Further, all Defendants aided and abetted in this harassing and retaliatory conduct by offering encouragement and/or assistance.

**FIRST CLAIM FOR RELIEF**
(**Racial Discrimination, Title VII of the federal Civil Rights Act of 1964, 42 U.S.C. §2000 *et seq.*, against the County and the Sherriff's Department**)

20. The allegations of the foregoing paragraphs are re-alleged and incorporated herein by reference.

21. The conduct of Defendants violates Title VII of the federal Civil Rights Act of 1964, 42 U.S.C. §2000 *et seq.*, which prohibits discrimination against employees based on race.

22. As a direct and proximate result of the discrimination, Mr. Sears suffered actual damages, including lost income, benefits, promotional and career opportunities, and other losses in an amount to be determined at the time of trail. Further, Plaintiff suffered great anxiety, embarrassment, anger, loss of enjoyment of life, injury to reputation, and severe emotional and physical distress in an amount to be determined at trial. Plaintiff is entitled to recover all damages resulting from Defendants' wrongful conduct, including compensatory damages, general damages, personal injury damages, past and future medical expenses, attorneys' fees, costs and

any other damages the Court deems appropriate.

23. Defendants committed the acts herein despicably, maliciously, fraudulently, and oppressively with the intention of injuring Plaintiff, for an improper and evil motive amounting to malice, and in conscious disregard of Plaintiff's rights. Further, Defendants knew that their conduct was illegal and certain to injure and damage Plaintiff, and plaintiff is entitled to recover exemplary and punitive damages from Defendants in an amount according to proof.

24. Plaintiff requests relief as hereinafter provided.

///

## SECOND CLAIM FOR RELIEF
(**Harassment Based on Race, Title VII of the federal Civil Rights Act of 1964, 42 U.S.C. §2000 *et seq*., against all Defendants**)

25. The allegations of the foregoing paragraphs are re-alleged and incorporated herein by reference.

26. The conduct of Defendants violates Title VII of the federal Civil Rights Act of 1964, 42 U.S.C. §2000 *et seq.*, which prohibits harassment against employees based on race.

27. As a direct and proximate result of the harassment suffered by Mr. Sears, Mr. Sears suffered actual damages, including lost income, benefits, promotional and career opportunities, and other losses in an amount to be determined at the time of trail.  Further, Plaintiff suffered great anxiety, embarrassment, anger, loss of enjoyment of life, injury to reputation, and severe emotional and physical distress in an amount to be determined at trial. Plaintiff is entitled to recover all damages resulting from Defendants' wrongful conduct, including compensatory damages, general damages, personal injury damages, past and future medical expenses, attorneys' fees, costs and any other damages the Court deems appropriate.

28. Defendants committed the acts herein despicably, maliciously, fraudulently, and oppressively with the intention of injuring Plaintiff, for an improper and evil motive amounting to malice, and in conscious disregard of Plaintiff's rights. Further, Defendants knew that their conduct was illegal and certain to injure and damage Plaintiff, and plaintiff is entitled to recover exemplary and punitive damages from Defendants in an amount according to proof.

29. Plaintiff requests relief as hereinafter provided.

### THIRD CLAIM FOR RELIEF
(**Retaliation, Title VII of the federal Civil Rights Act of 1964, 42 U.S.C. §2000 *et seq*., against the County and the Sherriff's Department**)

30. The allegations of the foregoing paragraphs are re-alleged and incorporated herein by reference.

31. The conduct of Defendants violates Title VII of the federal Civil Rights Act of 1964, 42 U.S.C. §2000 *et seq.*, which prohibits relation against an employee who has engaged in a protected activity of reporting and/or opposing racial discrimination. Mr. Sears suffered racial discrimination and harassment and opposed it, including by reporting it to his supervisors. He was then subject to adverse, tangible employment actions as a result of engaging in this protected activity.

32. As a direct and proximate result of the retaliation suffered by Mr. Sears, Mr. Sears suffered actual damages, including lost income, benefits, promotional and career opportunities, and other losses in an amount to be determined at the time of trail. Further, Plaintiff suffered great anxiety, embarrassment, anger, loss of enjoyment of life, injury to reputation, and severe emotional and physical distress in an amount to be determined at trial. Plaintiff is entitled to recover all damages resulting from Defendants' wrongful conduct, including compensatory damages, general damages, personal injury damages, past and future medical expenses, attorneys' fees, costs and any other damages the Court deems appropriate.

33. Defendants committed the acts herein despicably, maliciously, fraudulently, and oppressively with the intention of injuring Plaintiff, for an improper and evil motive amounting to malice, and in conscious disregard of Plaintiff's rights. Further, Defendants knew that their conduct was illegal and certain to injure and damage Plaintiff, and plaintiff is entitled to recover exemplary and punitive damages from Defendants in an amount according to proof.

34. Plaintiff requests relief as hereinafter provided.

### FOURTH CLAIM FOR RELIEF

(**Failure to Prevent and Cure Harassment, Title VII of the federal Civil Rights Act of 1964, 42 U.S.C. §2000 *et seq*., against the County and the Sheriff's Department**)

35. The allegations of the foregoing paragraphs are re-alleged and incorporated herein by reference.

36. The conduct of Defendants violates Title VII of the federal Civil Rights Act of 1964, 42 U.S.C. §2000 *et seq.*, which holds an employer liable for failing to remedy and prevent harassment when it has actual or constructive knowledge of harassment and discrimination. The County and the Sheriff's Department had actual and/or constructive knowledge of the harassment and discrimination perpetrated against Mr. Sears but did not take reasonable action to prevent it or correct it.

37. As a direct and proximate result of the County and the Sheriff's Department's failures, Mr. Sears suffered actual damages, including lost income, benefits, promotional and career opportunities, and other losses in an amount to be determined at the time of trail. Further, Plaintiff suffered great anxiety, embarrassment, anger, loss of enjoyment of life, injury to reputation, and severe emotional and physical distress in an amount to be determined at trial. Plaintiff is entitled to recover all damages resulting from Defendants' wrongful conduct, including compensatory damages, general damages, personal injury damages, past and future medical expenses, attorneys' fees, costs and any other damages the Court deems appropriate.

38. Defendants committed the acts herein despicably, maliciously, fraudulently, and oppressively with the intention of injuring Plaintiff, for an improper and evil motive amounting to malice, and in conscious disregard of Plaintiff's rights. Further, Defendants knew that their conduct was illegal and certain to injure and damage Plaintiff, and plaintiff is entitled to recover exemplary and punitive damages from Defendants in an amount according to proof.

39. Plaintiff requests relief as hereinafter provided.

## FIFTH CLAIM FOR RELIEF
(**Racial Discrimination, 42 U.S.C. §1981 *et seq.*, against the County and the Sherriff's Department**)

40. The allegations of the foregoing paragraphs are re-alleged and incorporated herein by

reference.

41. The conduct of Defendants violates 42 U.S.C. § 1981, which prohibits discrimination against employees based on race.

42. As a direct and proximate result of the discrimination, Mr. Sears suffered actual damages, including lost income, benefits, promotional and career opportunities, and other losses in an amount to be determined at the time of trail.  Further, Plaintiff suffered great anxiety, embarrassment, anger, loss of enjoyment of life, injury to reputation, and severe emotional and physical distress in an amount to be determined at trial. Plaintiff is entitled to recover all damages resulting from Defendants' wrongful conduct, including compensatory damages, general damages, personal injury damages, past and future medical expenses, attorneys' fees, costs and any other damages the Court deems appropriate.

43. Defendants committed the acts herein despicably, maliciously, fraudulently, and oppressively with the intention of injuring Plaintiff, for an improper and evil motive amounting to malice, and in conscious disregard of Plaintiff's rights. Further, Defendants knew that their conduct was illegal and certain to injure and damage Plaintiff, and plaintiff is entitled to recover exemplary and punitive damages from Defendants in an amount according to proof.

44. Plaintiff requests relief as hereinafter provided.

### SIXTH CLAIM FOR RELIEF
(**Racial Discrimination, California Fair Employment and Housing Act, California Government Code §12940** *et seq.***, against the County and the Sherriff's Department**)

45. The allegations of the foregoing paragraphs are re-alleged and incorporated herein by reference.

46. The conduct of Defendants violates the California Fair Employment and Housing Act, California Government Code §12940 *et seq.*, which prohibits discrimination against employees based on race.

47. As a direct and proximate result of the discrimination, Mr. Sears suffered actual damages, including lost income, benefits, promotional and career opportunities, and other losses in an

amount to be determined at the time of trail. Further, Plaintiff suffered great anxiety, embarrassment, anger, loss of enjoyment of life, injury to reputation, and severe emotional and physical distress in an amount to be determined at trial. Plaintiff is entitled to recover all damages resulting from Defendants' wrongful conduct, including compensatory damages, general damages, personal injury damages, past and future medical expenses, attorneys' fees, costs and any other damages the Court deems appropriate.

48. Defendants committed the acts herein despicably, maliciously, fraudulently, and oppressively with the intention of injuring Plaintiff, for an improper and evil motive amounting to malice, and in conscious disregard of Plaintiff's rights. Further, Defendants knew that their conduct was illegal and certain to injure and damage Plaintiff, and plaintiff is entitled to recover exemplary and punitive damages from Defendants in an amount according to proof.

49. Plaintiff requests relief as hereinafter provided.

### SEVENTH CLAIM FOR RELIEF
(**Harassment Based on Race, California Fair Employment and Housing Act, California Government Code §12940 *et seq*., against all Defendants**)

50. The allegations of the foregoing paragraphs are re-alleged and incorporated herein by reference.

51. The conduct of Defendants violates the California Fair Employment and Housing Act, California Government Code §12940 *et seq*., which prohibits harassment against employees based on race.

52. As a direct and proximate result of the harassment suffered by Mr. Sears, Mr. Sears suffered actual damages, including lost income, benefits, promotional and career opportunities, and other losses in an amount to be determined at the time of trail. Further, Plaintiff suffered great anxiety, embarrassment, anger, loss of enjoyment of life, injury to reputation, and severe emotional and physical distress in an amount to be determined at trial. Plaintiff is entitled to recover all damages resulting from Defendants' wrongful conduct, including compensatory damages, general damages, personal injury damages, past and future medical expenses, attorneys'

fees, costs and any other damages the Court deems appropriate.

53. Defendants committed the acts herein despicably, maliciously, fraudulently, and oppressively with the intention of injuring Plaintiff, for an improper and evil motive amounting to malice, and in conscious disregard of Plaintiff's rights. Further, Defendants knew that their conduct was illegal and certain to injure and damage Plaintiff, and plaintiff is entitled to recover exemplary and punitive damages from Defendants in an amount according to proof.

54. Plaintiff requests relief as hereinafter provided.

**EIGHTH CLAIM FOR RELIEF**
(**Retaliation, California Fair Employment and Housing Act, California Government Code §12940 *et seq*., against all Defendants**)

55. The allegations of the foregoing paragraphs are re-alleged and incorporated herein by reference.

56. The conduct of Defendants violates the California Fair Employment and Housing Act, California Government Code §12940 *et seq.*, which prohibits relation against an employee who has engaged in a protected activity of reporting and/or opposing racial discrimination. Mr. Sears suffered racial discrimination and harassment and opposed it, including by reporting it to his supervisors. He was then subject to adverse, tangible employment actions as a result of engaging in this protected activity.

57. As a direct and proximate result of the retaliation suffered by Mr. Sears, Mr. Sears suffered actual damages, including lost income, benefits, promotional and career opportunities, and other losses in an amount to be determined at the time of trail. Further, Plaintiff suffered great anxiety, embarrassment, anger, loss of enjoyment of life, injury to reputation, and severe emotional and physical distress in an amount to be determined at trial. Plaintiff is entitled to recover all damages resulting from Defendants' wrongful conduct, including compensatory damages, general damages, personal injury damages, past and future medical expenses, attorneys' fees, costs and any other damages the Court deems appropriate.

58. Defendants committed the acts herein despicably, maliciously, fraudulently, and

oppressively with the intention of injuring Plaintiff, for an improper and evil motive amounting to malice, and in conscious disregard of Plaintiff's rights. Further, Defendants knew that their conduct was illegal and certain to injure and damage Plaintiff, and plaintiff is entitled to recover exemplary and punitive damages from Defendants in an amount according to proof.

59.     Plaintiff requests relief as hereinafter provided.

### NINTH CLAIM FOR RELIEF
(**Failure to Prevent and Cure Harassment and Discrimination, California Fair Employment and Housing Act, California Government Code §12940 *et seq*., against the County and the Sherriff's Department**)

60.     The allegations of the foregoing paragraphs are re-alleged and incorporated herein by reference.

61.     The conduct of Defendants violates the California Fair Employment and Housing Act, California Government Code §12940 *et seq.*, which holds an employer liable for failing to remedy and prevent harassment when it has actual or constructive knowledge of harassment and discrimination.  The County and the Sheriff's Department had actual and/or constructive knowledge of the harassment and discrimination perpetrated against Mr. Sears but did not take reasonable action to prevent it or correct it.

62.     As a direct and proximate result of the County and the Sheriff's Department's failures, Mr. Sears suffered actual damages, including lost income, benefits, promotional and career opportunities, and other losses in an amount to be determined at the time of trail.  Further, Plaintiff suffered great anxiety, embarrassment, anger, loss of enjoyment of life, injury to reputation, and severe emotional and physical distress in an amount to be determined at trial.  Plaintiff is entitled to recover all damages resulting from Defendants' wrongful conduct, including compensatory damages, general damages, personal injury damages, past and future medical expenses, attorneys' fees, costs and any other damages the Court deems appropriate.

63.     Defendants committed the acts herein despicably, maliciously, fraudulently, and oppressively with the intention of injuring Plaintiff, for an improper and evil motive amounting to malice, and in conscious disregard of Plaintiff's rights. Further, Defendants knew that their

conduct was illegal and certain to injure and damage Plaintiff, and plaintiff is entitled to recover exemplary and punitive damages from Defendants in an amount according to proof.

64. Plaintiff requests relief as hereinafter provided.

### PRAYER FOR RELIEF:

WHEREFORE, Plaintiff prays for judgment as follows:

1. For special and economic damages according to proof;

2. For general damages and non-economic damages according to proof;

3. For punitive damages in an appropriate amount according to proof;

4. For prejudgment interest at the prevailing legal rate;

5. For reasonable attorneys' fees, costs, and expert witness fees;

6. For equitable relief according to proof; and,

7. For such other and further relief as the court deems just and proper.

DATED: March 16, 2015  **MASTAGNI HOLSTEDT, APC**

By /s/ Grant A. Winter
Grant A. Winter
Attorneys for plaintiff
Michael Sears

### DEMAND FOR JURY TRIAL

Plaintiff Michael Sears hereby demands a trial by jury.

DATED: March 16, 2015  **MASTAGNI HOLSTEDT, APC**

By /s/ Grant A. Winter
Grant A. Winter
Attorneys for plaintiff
Michael Sears