**PORTER | SCOTT**
A PROFESSIONAL CORPORATION
Stephen E. Horan, SBN 125241
William E. Camy, SBN 291397
350 University Avenue, Suite 200
Sacramento, California 95825
TEL: 916.929.1481 • FAX: 916.927.3706

Bruce S. Alpert, SBN 75684
OFFICE OF THE COUNTY COUNSEL
COUNTY OF BUTTE
25 County Center Drive, Suite 201
Oroville, CA 95965
TEL: 530.538.7621 • FAX: 530.538.6891

Attorneys for Defendants, COUNTY OF BUTTE, BUTTE COUNTY SHERIFF'S OFFICE, ANDY DUCH and JOHN KUHN

DAVID P. MASTAGNI, SBN 57721
PHILLIP R.A. MASTAGNI, SBN 238254
GRANT A. WINTER, SBN 266329
MASTAGNI HOLSTEDT
A Professional Corporation
1912 "I" Street
Sacramento, California 95811
TEL: (916) 446-4692
Attorneys for Plaintiff MICHAEL SEARS

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL SEARS, | CASE NO.: 2:15-cv-00589-MCE-CMK |
| Plaintiff, | **STIPULATION TO RE-OPEN NON-EXPERT DISCOVERY FOR LIMITED PURPOSES AND CONTINUE THE NON-EXPERT DISCOVERY DEADLINE, EXPERT DISCLOSURE DEADLINE, AND EXPERT DISCOVERY CUTOFF; ORDER THEREON** |
| v. | |
| COUNTY OF BUTTE, BUTTE COUNTY SHERIFF'S OFFICE; ANDY DUCH; JOHN KUHN; and DOES 1 through 100, inclusive, | |
| Defendants. | Complaint Filed: 3/16/15 |

/ / /

{01801512.DOCX} 1

**STIPULATION TO RE-OPEN NON-EXPERT DISCOVERY FOR LIMITED PURPOSES AND CONTINUE THE NON-EXPERT DISCOVERY DEADLINE, EXPERT DISCLOSURE DEADLINE, AND EXPERT DISCOVERY CUTOFF; ORDER THEREON**

This Stipulation is entered into by and between Plaintiff MICHAEL SEARS ("Plaintiff") and Defendants COUNTY OF BUTTE, BUTTE COUNTY SHERIFF'S OFFICE, ANDY DUCH, and JOHN KUHN ("Defendants") through counsel of record.

The Court previously set the ordinary discovery deadline for February 13, 2017. The Court continued the deadline to March 5, 2017, for the limited purpose for Defendants to complete the deposition of Deputy Dan Angel, who had requested his deposition be taken in late February or early March 2017.

On October 31, 2017, Sears resigned from his employment with the Butte County Sheriff's Office, to accept a position working as a police officer with the Oroville Police Department. In addition to all other claims also asserted in this case, Plaintiff alleges (1) his resignation constitutes constructive discharge, (2) his pay and benefits are less at the Oroville Police Department than they were at the Butte County Sheriff's Office, and (3) he is entitled to the difference as damages. Plaintiff also asserts that because of the harassment, discrimination, and retaliation he was subjected to, including but not limited to being denied promotional opportunities and special assignments while working at the Butte County Sheriff's Office, he continues to suffer wage loss while working at the Oroville Police Department due to entering the Oroville Police Department at a lower grade than he otherwise would have been able to. Defendants contend Plaintiff's resignation was voluntary and, even if it was not, Plaintiff failed to mitigate his damages by accepting a lesser paying position.

The parties have conferred and agree to re-open non-expert discovery for the limited purpose of investigating Sears' constructive discharge claim and related damages, including discovery into: (1) facts and circumstances related to Plaintiff's alleged constructive termination from the Butte County Sheriff's Office; (2) facts and circumstances related to damages Plaintiff alleges he suffered as a result of the alleged constructive termination; (3) facts and circumstances related to Plaintiff's efforts to mitigate the damages he alleges he suffered as a result of being wrongfully terminated by attempting to obtain other employment; and (4) facts and circumstances related to Defendants' contention that Plaintiff's damages are limited by alleged after-acquired evidence of misconduct on the job which would have served as independent grounds for the Plaintiff's termination, including Defendants' contention that the Butte County Sheriff's Office would have fired Plaintiff based on

**STIPULATION TO RE-OPEN NON-EXPERT DISCOVERY FOR LIMITED PURPOSES AND CONTINUE THE NON-EXPERT DISCOVERY DEADLINE, EXPERT DISCLOSURE DEADLINE, AND EXPERT DISCOVERY CUTOFF; ORDER THEREON**

such after-acquired evidence. The parties agree that the new non-expert discovery deadline should be June 15, 2018. The parties submit good cause exists to extend the non-expert deadline for discovery for this limited purpose.

The Court previously set the deadline for Disclosure of Expert Witnesses to be April 13, 2018. The parties have conferred and agree that the expert disclosures should be made after non-expert discovery has concluded, considering the parties' experts may need to rely on information obtained after non-expert discovery is re-opened. The parties agree that the new deadline for the Disclosure of Expert Witnesses should be August 3, 2018. The parties further agree that the deadline to complete expert discovery should be October 5, 2018. The parties submit good cause exists to extend the deadline for the Disclosure of Expert Witnesses and deadline to complete expert discovery for this purpose.

**IT IS SO STIPULATED.**

Dated: March 30, 2018

PORTER SCOTT
A PROFESSIONAL CORPORATION

By  */s/ Stephen E. Horan*
     Stephen E. Horan
     William E. Camy
     Attorneys for Defendants COUNTY OF BUTTE, BUTTE COUNTY SHERIFF'S OFFICE, ANDY DUCH and JOHN KUHN

Dated: March 27, 2018

MASTAGNI HOLSTEDT
A PROFESSIONAL CORPORATION

By  */s/ Grant A. Winter (authorized 3/27/18)*
     Grant A. Winter
     Attorney for Plaintiff
     MICHAEL SEARS

{01801512.DOCX}   3

**STIPULATION TO RE-OPEN NON-EXPERT DISCOVERY FOR LIMITED PURPOSES AND CONTINUE THE NON-EXPERT DISCOVERY DEADLINE, EXPERT DISCLOSURE DEADLINE, AND EXPERT DISCOVERY CUTOFF; ORDER THEREON**

## ORDER

Based upon the Stipulation of the parties:

1. Non-expert discovery is re-opened for the limited purposes outlined above.
2. The new deadline to complete non-expert discovery is June 15, 2018.
3. The new deadline to disclose expert witnesses is continued to August 3, 2018.
4. The new deadline to complete expert discovery is October 5, 2018.

All other provisions of the operative Pretrial Scheduling Order remain in effect.

**IT IS SO ORDERED.**

Dated:  March 30, 2018

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE