IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL SEARS,  No. 2:15-CV-0589-MCE-CMK

    Plaintiff,

  vs.  ORDER

COUNTY OF BUTTE, et al.,

    Defendants.

_____/

    Plaintiff, who is proceeding with retained counsel, brings this civil action for damages under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq., and 42 U.S.C. § 1981. Pending before the court is a discovery motion (Doc. 49) jointly brought by the parties on stipulate shortened notice (see stipulated order at Doc. 48). A hearing was held before the undersigned on June 7, 2018, at 10:00 a.m. in Redding, California. Grant A. Winter, Esq., appeared telephonically on behalf of plaintiff. William E. Camy, Esq., appeared in person on behalf of defendants. After considering oral argument, the matter was submitted.

/ / /

/ / /

/ / /

1

## I. BACKGROUND

This matter was initiated with a complaint filed on March 16, 2015, alleging discrimination, harassment, and retaliation in violation of state and federal law. Plaintiff resigned from the Butte County Sheriff's Office on October 31, 2017, to take a job with the Oroville Police Department for less pay. Plaintiff now claims that his resignation constituted constructive discharge and that he is entitled to damages representing the difference in lifetime pay and benefits between the two jobs. Defendants contend that plaintiff was not constructively discharged because "Defendants have learned of 'after-acquired' information that would have led to Plaintiff's termination." On March 30, 2018, Judge England signed a stipulated order re-opening discovery for a limited purpose. Specifically, the parties stipulated to the following:

> The parties have conferred and agree to re-open non-expert discovery for the limited purpose of investigating Sears' constructive discharge claim and related damages, including discovery into: (1) facts and circumstances related to Plaintiff's alleged constructive termination from the Butte County Sheriff's Office; (2) facts and circumstances related to damages Plaintiff alleges he suffered as a result of the alleged constructive termination; (3) facts and circumstances related to Plaintiff's efforts to mitigate the damages he alleges he suffered as a result of being wrongfully terminated by attempting to obtain other employment; and (4) facts and circumstances related to Defendants' contention that Plaintiff's damages are limited to alleged after-acquired evidence of misconduct on the job which would have served as independent grounds for the Plaintiff's termination, including Defendants' contention that the Butte County Sheriff's Office would have fired Plaintiff based on such after-acquired evidence. . . .

The "after-acquired" information consists of information from Lisa Higgs, who claims that plaintiff had contacted her in August 2016 to request that she solicit plaintiff's co-worker, Deputy Berry, to send her illicit photographs that could later be used against Deputy Berry. Ms. Higgs reported this to the Butte County Sheriff's Office which opened an investigation into plaintiff's alleged misconduct. That investigation was ongoing at the time plaintiff resigned in October 2017. Ms. Higgs' report also prompted defendants to take her deposition in this matter where she testified that she performed oral sex on plaintiff twice in 2012 while on a ride-along. Ms. Higgs further testified that she and plaintiff had sex inside a sheriff's substation while

plaintiff was on-duty.

## II. DISCUSSION

Defendants seek a protective order preventing plaintiff from re-deposing non-party witnesses Sheriff Honea, Lieutenant Boyd, and Deputy Berry, and from taking the first depositions of non-party witnesses District Attorney Mike Ramsey and County Counsel Bruce Alpert. Plaintiff seeks a protective order preventing defendants from re-deposing him.

### A. **Defendants' Request for a Protective Order**

Plaintiff argues that he should be permitted to take the depositions of Honea, Boyd, Berry, Ramsey, and Alpert "regarding misconduct committed by other Sheriff's Department personnel – including the Sheriff and other deputies and the District Attorney – which would be directly relevant to whether termination of Sears for the conduct he is accused of would be anything other than disparate treatment." At the outset, plaintiff argues that any after-acquired information is irrelevant because, under the Police Officer's Bill of Rights, he could not have been terminated because more than a year passed between the date the Butte County Sheriff's Office first learned of his alleged misconduct from Ms. Higgs and the date plaintiff left the department. See Cal. Gov't Code § 3304(d)(1). Given plaintiff's stipulation to re-open discovery into this issue, the court finds this argument unpersuasive.

On court order, a witness who has been deposed may be re-deposed on a showing of good cause which includes new claims or defenses. See Fed. R. Civ. P. 30(a)(2)(A)(ii). The court finds good cause exists for the re-deposition of witnesses in this case based on plaintiff's new claim of constructive discharge. The court may also issue a protective order on good cause shown to protect a party or witness from annoyance, embarrassment, oppression, or undue burden or expense. See Fed. R. Civ. P. 26(c)(1).

/ / /

/ / /

1. Sheriff Honea

Defendants seek a protective order preventing Sheriff Honea from being re-deposed. Defendants opposed Honea's original deposition in November 2018, arguing that high-ranking government officials should not be subject to deposition absent extraordinary circumstances, but dropped that objection and allowed Honea to be deposed "in the spirit of cooperation." Honea refused to answer certain questions, but no motion to compel was ever made during the original period of discovery. Defendants renew their objection as to any second deposition of Honea. Given defendants' abandonment of this objection as to the first deposition, and the expectation that the spirit of cooperation will continue throughout the litigation, the court is not inclined to entertain it now.

Next, defendants argue that whether other officers who committed on-duty misconduct were fired, disciplined or not is irrelevant because plaintiff has a long history of discipline and his termination would have been for "progressive discipline." This argument is unpersuasive because, even if plaintiff would have been the subject of progressive discipline, it remains possible that disparate treatment nonetheless existed to the extent other officers who also had a history of discipline were not terminated.[1]

///

///

---

[1] In this regard, the court offers it's thoughts on the issue of appropriate time-frame of questioning in the hopes of avoiding any confusion or the necessity to involve the court during depositions. Defendants contend that plaintiff could have been fired based on a long history of discipline. Defendants also object to any future deposition questioning insofar as such questions do not relate to "recent" alleged on-duty misconduct. If, however, defendants could have fired plaintiff for misconduct over a long history, plaintiff should be allowed to inquire as to alleged on-duty misconduct occurring over the same time period. Because defendants have not disclosed to the court or plaintiff how far back they contend they could have looked to terminate plaintiff, the court has no way of imposing any time-frame for future questioning. On this issue, the court would be inclined to limit the time-frame of future questioning to the same time-frame defendants contend encompasses plaintiff's history of discipline that could have constituted "progressive discipline" leading to plaintiff's termination had he not resigned. The parties are expected to act in good faith in order to resolve this issue on their own in the context of any upcoming depositions allowed by this order.

1           Defendants also object to plaintiff asking any questions related to alleged off-duty
2 misconduct. According to defendants, the only relevant inquiry is into on-duty misconduct since
3 such misconduct would have formed the basis for plaintiff's termination had he not resigned.
4 Citing Perez v. City of Roseville, 882 F.3d 843 (9th Cir. 2018), and Thorne v. City of El
5 Segundo, 726 F.2d 459, 471 (9th Cir. 1983), defendants argue that inquiry into off-duty
6 misconduct is irrelevant to a disparate treatment analysis because a police officer may not be
7 punished for engaging in private, off-duty conduct. The court does not agree with defendants'
8 reading of Perez or Thorne. Citing Thorne, the Ninth Circuit in Perez stated: "We have long held
9 that the constitutional guarantees of privacy and free association prohibit the State from taking
10 adverse employment action on the basis of private sexual conduct unless it demonstrates that
11 such conduct negatively affects on-the-job performance. . . ." See Perez, 882 F.3d at 848. This
12 language provides the appropriate definition of the scope of future questioning allowed by this
13 order.
14           The court finds good cause to allow Sheriff Honea to be re-deposed. The court
15 also finds good cause for a limited protective order consistent with Perez.

          2.       Lieutenant Boyd and Deputy Berry

17           Defendants object to inquiry into alleged off-duty misconduct. For the reasons
18 discussed above, the court finds good cause to allow Lt. Boyd to be re-deposed. The court also
19 finds good cause for a limited protective order consistent with Perez.

          3.       District Attorney Mike Ramsey and County Counsel Bruce Alpert

21           Defendants seek a protective order preventing the deposition of Butte County
22 District Attorney Mike Ramsey and Butte County Counsel Bruce Alpert.
23           According to plaintiff, Ramsey engaged in his own on-duty misconduct.
24 Specifically, plaintiff claims that Ramsey harassed plaintiff's then-fiancé (now wife) who is a
25 Deputy District Attorney and Ramsey's subordinate. Plaintiff argues that he is entitled to inquire
26 as to the alleged on-duty misconduct of "other County officials and employees." Plaintiff also

states that he intends to depose Alpert "regarding his own personal knowledge of Mike Ramsey's unpunished harassment of Sears' fiance/wife." This, however, seems to stretch relevance given that any termination of plaintiff related to on-duty misconduct would have been pursuant to policies and procedures in effect at the Butte County Sheriff's Office. There is no indication that the Butte County Sheriff's Office and any other county agency share the same employment policies and procedures and it follows that a police department would have very different procedures in place than a law office.

        B.     **Plaintiff's Request for a Protective Order**

Defendants seek leave to re-depose plaintiff regarding his reasons for resigning and facts relating to their after-acquired information defense. Because plaintiff has opened the door to this line of inquiry by asserting constructive discharge, and pursuant to the parties' stipulation, the court finds good cause to allow plaintiff to be re-deposed. With respect to alleged misconduct, the court also finds good cause for a limited protective order consistent with Perez.

### III. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Leave to re-depose plaintiff, Honea, Boyd, and Berry is granted;

2. Leave to depose Ramsey and Alpert is denied;

3. As to inquiry into any alleged misconduct, the court grants a limited protective order for all future depositions consistent with Perez v. City of Roseville, 882 F.3d 843 (9th Cir. 2018).

DATED: June 7, 2018

                                                         */s/ Craig M. Kellison*
                                          **CRAIG M. KELLISON**
                                          UNITED STATES MAGISTRATE JUDGE